UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SANDRA DEBERRY,

Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant.
________________________________________)

**COMPLAINT**

The Plaintiff, SANDRA DEBERRY ("DEBERRY"), by and through her undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. DEBERRY brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. DEBERRY was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. HARTFORD is a corporation with its principal place of business in the State of

Connecticut, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida and “may be found” in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to DEBERRY by HARTFORD.

6. DEBERRY was at all times material an employee of Kennametal, Inc.

7. DEBERRY was at all times material a plan participant under THE KENNAMETAL WELFARE BENEFIT PLAN providing Group Long Term Disability, Policy Number GLT-402646 (the “LTD Plan”), which was established by Kennametal, Inc. and pursuant to which DEBERRY is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit “A.”

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. HARTFORD is the insurer of benefits under the LTD Plan and was appointed by Kennametal, Inc., the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, HARTFORD is not entitled to a deferential standard of review.

11. HARTFORD is the fiduciary charged with making benefit determinations under the LTD

Plan, including the determinations made on DEBERRY's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, DEBERRY is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan,

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
> 3) after that, Any Occupation.
>
> If at the end of the Elimination Period, You are prevented from performing one or more of the Essential Duties of Your Occupation, but Your Current Monthly Earnings are equal to or greater than 80% of Your Pre-disability Earnings, Your Elimination Period will be extended for a total period of 12 months from the original date of Disability, or until such time as Your Current Monthly Earnings are less than 80% of Your Pre-disability Earnings, whichever occurs first. For the purposes of extending Your Elimination Period, Your Current Monthly Earnings will not include the pay You could have received for another job or a modified job if such job was offered to You by Your Employer, or another employer, and You refused the offer.
>
> Your Disability must result from:
> 1) accidental bodily injury;
> 2) sickness;
> 3) Mental Illness;
> 4) Substance Abuse; or
> 5) pregnancy.
>
> Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation, alone, does not mean that You are Disabled.

14. At all relevant times, DEBERRY complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately January 12, 2014, DEBERRY has been disabled under the terms of the LTD Plan.

16. Since approximately January 12, 2014, due to accidental bodily injury, sickness, mental illness, substance abuse or pregnancy, DEBERRY has been prevented from performing one or more of the essential duties of her occupation, and as a result her currently monthly earnings are less than 80% of her indexed pre-disability earnings.

17. Since approximately January 12, 2014, due to accidental bodily injury, sickness, mental illness, substance abuse or pregnancy, DEBERRY has been prevented from performing one or more of the essential duties of any occupation, as defined by the policy.

18. At all relevant times, DEBERRY has been under the appropriate and regular care and treatment of a physician.

19. At all relevant times, DEBERRY was a Covered Person under the LTD Plan.

20. Shortly after becoming disabled, DEBERRY made a claim to HARTFORD under the LTD Plan for disability benefits.

21. HARTFORD effectively approved DEBERRY's claim for benefits for the period of October 31, 2014 through January 8, 2015.

22. By letter dated April 29, 2015, DEBERRY was informed by HARTFORD that her benefits would not be payable beyond January 8, 2015.

23. DEBERRY properly and timely submitted an appeal of HARTFORD's April 29, 2015 denial of her continued claim for LTD benefits.

24. By letter dated October 6, 2015, HARTFORD notified DEBERRY of its decision to uphold its adverse determination to terminate her LTD benefits and informed DEBERRY that no further appeals would be considered as her administrative remedies had been exhausted.

25. At all relevant times, DEBERRY complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

26. From January 9, 2015 to the present date, DEBERRY has not received benefits owed to her under the LTD Plan, despite DEBERRY's right to these benefits.

27. HARTFORD has refused to pay DEBERRY's continued LTD benefits since January 8,

2015.

28. At all relevant times, HARTFORD was the payer of benefits.

29. At all relevant times, HARTFORD was the "Insurance Company" identified throughout the LTD Plan.

30. At all relevant times, HARTFORD was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

31. At all relevant times, DEBERRY has been and remains Disabled and entitled to LTD benefits from HARTFORD under the terms of the LTD Plan.

32. DEBERRY has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

33. DEBERRY incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

35. Pursuant to 29 U.S.C. §1132(a)(1)(B), DEBERRY, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

36. DEBERRY has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of HARTFORD's failure to pay her disability benefits.

37. DEBERRY has exhausted all administrative remedies under the LTD Plan.

38. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to DEBERRY at a time when HARTFORD knew, or should have known, that DEBERRY was entitled to those benefits under the terms of the LTD Plan, as DEBERRY was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of DEBERRY's claim for LTD benefits;

(c) After DEBERRY's claim was terminated in whole or in part, HARTFORD failed to adequately describe to DEBERRY any additional material or information necessary for DEBERRY to perfect her claim along with an explanation of why such material is or was necessary.

(d) HARTFORD failed to properly and adequately investigate the merits of DEBERRY's disability claim and failed to provide a full and fair review of DEBERRY's claim.

39. DEBERRY believes and thereon alleges that HARTFORD wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which DEBERRY is presently unaware, but which may be discovered in this future litigation and which DEBERRY will immediately make HARTFORD aware of once said acts or omissions are discovered by DEBERRY.

40. Following the termination of benefits under the LTD Plan, DEBERRY exhausted all administrative remedies required under ERISA, and DEBERRY has performed all duties and obligations on her part to be performed under the LTD Plan.

41. As a proximate result of the aforementioned wrongful conduct of HARTFORD, DEBERRY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding DEBERRY's claim for benefits, DEBERRY, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DEBERRY is entitled to have such fees and costs paid by HARTFORD.

43. The wrongful conduct of HARTFORD has created uncertainty where none should exist, therefore, DEBERRY is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, SANDRA DEBERRY prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 22, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com